## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERIC OBERT, | : | CIVIL ACTION NO.:  3:16-cv-01955 |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| TECH AIR OF CONNECTICUT, INC. | : | |
| Defendant. | : | |
| | : | NOVEMBER 30, 2016 |
| | : | |

### NOTICE OF REMOVAL

Defendant, Tech Air of Connecticut, Inc. ("Tech Air"), through the undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal of the above-entitled action to this Court from the Supreme Court of the State of Connecticut, Judicial District of Danbury at Danbury, in which this action was filed and where it is now pending.  The basis for removal, as explained below, is federal question jurisdiction, as the Plaintiff's claims pertain to an employer-sponsored pension plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the plan is central to the claims and resolution of the dispute.

In support of this Notice of Removal, Tech Air states as follows:

1.       On or about November 18, 2016, plaintiff, Eric Obert ("Plaintiff"), initiated a civil action by filing a Summons, Complaint and Return of Service in the Superior Court of the State of Connecticut, Judicial District of Danbury at Danbury, entitled, Eric Obert v. Tech Air of Connecticut, Inc., Civ. No. DBD-CV16-6021073-S (hereinafter referred to as "the State Court

Action"). Copies of all process, pleadings, and orders served upon Tech Air are attached hereto collectively as Exhibit A.

2.      On or about November 8, 2016, the State Court Action was served upon Tech Air's statutory agent of service and was subsequently transmitted and received by Tech Air. A copy of the Officer's Return of Service to Court in the State Court Action is attached hereto as Exhibit B.

3.      This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1441 *et seq*. based upon federal question jurisdiction, as the Complaint alleges claims related to an employer-sponsored employee retirement benefit plan that is governed exclusively by the Employee Retirement Income Security Act of 1974, as amended  (ERISA). 29 U.S.C. § 1002 (2) and (3).   Specifically, Plaintiff alleges:

> (a) "For consideration and in connection with his employment, Plaintiff entered into a Supplemental Retirement Plan with Defendant (the "Plan"), effective January 1, 2007, whereby Defendant would obtain an insurance policy that would provide annual policy payouts for the benefit of the Plaintiff in his retirement." Compl., ¶ 4.
>
> (b) "[I]n connection with the Plan, Plaintiff was to receive payouts consisting of the amount that could be deducted from the insurance policy each year, plus an additional amount equal to the estimated tax savings that would benefit Tech Air." Compl., ¶ 5.

4.      Resolution of the claims against Tech Air will require review and application of the terms of the employee benefit Plan, as any potential liability against Tech Air derives from

the particular rights and obligations imposed in accordance with the terms of the Plan. Even if Plaintiff claims entitlement to reformation of the Plan, that would be an equitable remedy and Plaintiff's only claim for such a remedy would be pursuant to ERISA. Accordingly, Plaintiff is asserting causes of action that fall squarely within the civil enforcement provisions of ERISA, 29 U.S.C. § 1132(a), which provide for civil actions by a plan participant or beneficiary (or his assignee), *inter alia*, "to recover benefits due to him under the terms of [a] plan, to enforce his rights under the terms of [a] plan, or to clarify his rights to future benefits under the terms of [a] plan," and also "to obtain other appropriate equitable relief" to redress violations or to enforce any provisions of ERISA or the terms of the plan. 29 U.S.C. §§ 1132(a)(1), (a)(3); *see also* Cigna Corp. v. Amara, 131 S. Ct. 1866 (2011) (identifying reformation and estoppel as potential equitable remedies under 29 U.S.C. § 1132(a)(3)).

5.      The fact that Plaintiff has chosen to avoid styling his claims as ones arising under ERISA is of no consequence to the Court's jurisdiction over this matter. A plaintiff may not avoid removal "by framing in terms of state law a complaint the real nature of [which] is federal … or by omitting to plead necessary federal questions in a complaint." Derrico v. Sheehan Emergency Hosp., 844 F.2d 22, 27 (2d Cir. 1988).

6.      Although Plaintiff asserts claims against Tech Air based on state law causes of action for breach of contract, ERISA completely preempts these claims and removal is proper. In Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S. Ct. 2488, 2499-500 (2004), the United States Supreme Court held that a defendant may remove a state law cause of action to federal court if the cause of action falls within the scope of ERISA's civil enforcement provision, Section 502(a) (codified as 29 U.S.C. § 1132 (a)). If this criterion is satisfied, a plaintiff's state

law claims are automatically converted into "federal claims for purposes of the well-pleaded complaint rule." Id. at 2496.  *See also* Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 65-66 (1987) (ERISA has such extraordinary pre-emptive power that it converts an ordinary state common-law complaint into one stating a federal claim); Brandon v. Aetna Services, Inc., 46 F. Supp. 2d 110, 114 (D. Conn. 1999) (holding that, despite plaintiff's attempt to dress up his ERISA claims for failure to pay benefits in state-law clothing, his claim was predicated on alleged improper coverage decisions and therefore was preempted by ERISA).  Pursuant to 28 U.S.C. § 1441 (a), any civil action over which the district court has original jurisdiction founded on a claim or right arising under the laws of the United States shall be removable without regard to the citizenship of the parties.

7.      The United States District Court for the District of Connecticut embraces the place where the action was pending in state court.

8.      Pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), Tech Air's Notice of Removal is timely filed within 30 days after receipt by Tech Air of a copy of the initial pleading setting forth Plaintiff's claims for relief.

9.      The only process, pleadings, or orders served and filed in the State Court Action of which Tech Air is aware are the following:  Summons and Complaint, a true and accurate copy of which is attached hereto as Exhibit A, and the Officer's Return of Service, a true and accurate copy of which is attached hereto as Exhibit B.  An appearance was filed by the undersigned, Theodore J. Tucci, of Robinson & Cole LLP, for and on behalf of Defendant. Plaintiff is represented by Andrew Krevolin of Rogin Nassau LLC, 185 Asylum Street, 22nd Floor, Hartford, CT 06103.

10.     Tech Air has served Plaintiff with a copy of this Notice of Removal, with all attachments, and has filed a true copy of this Notice of Removal, with all attachments, with the Clerk of the Superior Court of Connecticut, Judicial District of Danbury, as shown by the Certificate of Compliance with Notice of Removal Procedures filed contemporaneously with this Notice of Removal.

WHEREFORE, Tech Air requests that this Court accept this Notice of Removal and that this Court assume jurisdiction over this action.

**DEFENDANT,**
**TECH AIR OF CONNECTICUT, INC.**

By___ */s/ Theodore J. Tucci*_____
    Theodore J. Tucci (ct05249)
    Email:  ttucci@rc.com
    Jean E. Tomasco (ct09635)
    Email: jtomasco@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    Tel. No.: (860) 275-8200
    Fax No.: (860) 275-8299

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2016, the foregoing and all attachments were filed electronically.  Notice of this filing will be sent by e-mail to all appearing parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

I hereby certify that a copy of the foregoing together with all attachments, has been sent by U.S. Mail to all counsel and pro se parties of record this 30th day of November, 2016, as follows:

      Andrew Krevolin, Esq.
      Rogin Nassau, LLC
      185 Asylum Street, 22nd Floor
      Hartford, CT  06103

                           */s/ Theodore J. Tucci*
                           Theodore J. Tucci